**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Criminal Case No. 07-20076
Civil Case No. 11-10738

DOMINIQUE HARDIN,

    Defendant.
                                                   /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

Before the court is Defendant Dominique Hardin's "Petition for Writ of Habeas Corpus Under U.S.C. 28 § 2255," which the court construes as a motion to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255(a). The motion has been fully briefed. Having reviewed the briefing, the court concludes that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," and so a hearing is not necessary. 28 U.S.C. § 2255(b); *see* E.D. Mich. LCrR 12.1(a); E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the court will deny Defendant's motion.

**I. BACKGROUND**

On March 6, 2007, a federal grand jury indicted Defendant, along with several others, with conspiracy to possess with the intent to distribute and to distribute cocaine, cocaine base, and marijuana. Defendant pled guilty before the court on November 1, 2007, after reaching a plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11. Relevant to the pending motion, the agreement, which was also

filed on November 1, stated: "Defendant acknowledges that he has a prior controlled substance felony conviction and that the Government has filed a sentencing enhancement information. As a result, Defendant knows that his sentence carries a twenty (20) year mandatory minimum." (Plea Agreement 3-4.) In fact, the notice of penalty enhancement was filed some two weeks later, on November 16, 2007. On March 6, 2008, Defendant was sentenced to 240 months' imprisonment.

Defendant appealed his conviction, arguing he was denied the effective assistance of counsel because

> 1) counsel failed to object to the government's late filing under 21 U.S.C. § 851(a)(1) of a penalty information; 2) counsel failed to advise Hardin of the 240-month mandatory minimum sentence; and 3) counsel had a business relationship with attorneys who represented Hardin's co-defendants and thus had a conflict of interest.

*United States v. Hardin*, No. 08-1554, slip op. at 3 (6th Cir. Dec. 8, 2009). That appeal was dismissed without prejudice to Defendant's right to file a motion under § 2255. *Id.*

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The defendant must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief

to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

### III.  DISCUSSION

Defendant presents two main arguments in his motion.  First, he claims ineffective assistance of counsel.  Second, he contends that his sentence was imposed in contravention of 21 U.S.C. § 851(a)(1).  The court cannot grant relief on either basis, because Defendant's arguments fail as a matter of law.

### A. Ineffective Assistance of Counsel

Defendant posits three ways in which his trial counsel was constitutionally ineffective.  First, he claims that he "was not advised that a crucial part of the Rule 11 Plea Agreement, the statement that the Notice of Enhanced Penalty had been filed, was not in fact filed." (Mot. 6.)  Second, he says his trial counsel failed to object to the delayed filing of the penalty enhancement. (*Id.* at 8-10.)  Finally, he contends that because his attorney shared office space with a co-defendant's attorney, an unconstitutional conflict of interest existed. (*Id.* at 10-12.)

The Sixth Amendment to the Constitution guarantees not only the right to be represented by counsel during most criminal proceedings, *Gideon v. Wainwright*, 372 U.S. 335 (1963), but also the right to the effective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668 (1984).  The ineffective assistance analysis has two prongs.  "To establish a claim of ineffective assistance of counsel, a defendant must prove that his counsel's performance fell below an objective standard of reasonableness, and that this performance prejudiced the defendant's case."  *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011) (citations omitted) (citing *Strickland*, 446 U.S. at 687-88, 694).

The "performance prong" evaluates the attorney's performance according to an objective standard of reasonableness. The "prejudice prong" asks whether in the absence of the constitutionally deficient performance there would have been a reasonable probability of a different outcome. *E.g.*, *McElrath v. Simpson*, 595 F.3d 624, 630 (6th Cir. 2010).

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

*1. Advice of Counsel*

Defendant's first contention is that an objectively reasonable attorney would have advised his client that the notice of penalty enhancement had not been filed. He contends that his attorney either did not diligently research whether the enhancement had been filed, or did not carefully read the plea agreement to reveal that it contained a false statement. A reasonable attorney, he says, would not have made either of those mistakes.

The court need not reach this question of whether trial counsel behaved in an objectively reasonable fashion, however, because even if he did not, Defendant was not prejudiced. *See Hill*, 474 U.S. at 60 (declining to reach performance prong because defendant did not show that he would have rejected the plea agreement but for his attorney's advice). The plea agreement undisputedly contained the false statement that

4

the enhancement had been filed, when it had not. However, the plea agreement also undisputedly indicated that Defendant was subject to a 20-year mandatory minimum because of the enhancement and the prior conviction. (Plea Agreement 4.) At the plea hearing the court advised Defendant of the mandatory minimum multiple times. (Plea Tr. 13-15, 17, 19, 26.) Three times during the hearing, Defendant explicitly acknowledged the 20-year mandatory minimum. (*Id.* at 13, 17, 26.) In light of his acknowledgment of his exposure, and notwithstanding Defendant's present assertions to the contrary, there is not a reasonable likelihood that Defendant would not have pled guilty had he been advised that the enhancement had not yet been filed by the Government. See *Brooks v. Edwards*, No. 95-3775, 1996 WL 506505, at *5 (6th Cir. Sept. 5, 1996) (per curiam) (rejecting argument that counsel did not advise petitioner of the minimum sentence because the plea transcript showed that he had been advised on the mandatory and minimum sentences, and therefore prejudice could not be shown). For the rational defendant, in general the only factors affecting the decision to plead will be the likelihood of success at trial, likely sentence after trial, and likely sentence after a plea. The Government's carelessness in not timely filing the sentencing enhancement did not affect any of these factors, and therefore there is not a reasonable probability of a different outcome.

Stated another way, in the but-for world where Defendant had been advised the information had not been filed, presumably Defendant would have either demanded the Government file the enhancement before he entered the plea, or he would have pled guilty anyway and then argued that the court could not sentence him to an enhanced sentence as a result of the failure to comply with § 851. In the former scenario, the plea

5

likely would have proceeded after the Government corrected its error, and in the latter case, Defendant's argument would have failed under *United States v. Pritchett*, 496 F.3d 537 (6th Cir. 2007), as is described more fully below. Under no circumstance would knowledge of the Government's mistake have altered the decision to plead.[1]

### 2. Failure to Object

Defendant's second basis for arguing ineffective assistance may be disposed of in the same manner as the first. Defendant claims that it was constitutionally ineffective for his attorney to fail to object to the late filing of the enhancement. The court need not determine whether this failure to object was objectively deficient, because even if it was, Defendant was not prejudiced. *See Hill*, 474 U.S. at 60. Because he had actual notice of the mandatory minimum term, there is not a reasonable probability that he would not have pled guilty had his attorney objected in a timely manner. Had Defendant's trial attorney lodged an objection either at the time of the plea or before sentencing, that objection would have been overruled based on *Pritchett*.

### 3. Conflict of Interest

Finally, Defendant contends his attorney for the plea—a solo practitioner—was ineffective because he shared office space with an attorney who represented a co-defendant. Prejudice is presumed "'when the defendant's attorney actively represented

---

[1] Under *Pritchett*, which is discussed in detail below, 28 U.S.C. § 851(a)(1) is satisfied as long as the Defendant had actual notice of the enhancement. 496 F.3d at 548. If *Pritchett* were not the prevailing law in this Circuit, and § 851(a)(1) were rigidly enforced, Defendant would only have *benefitted* from pleading guilty before the information was filed. This is so because he would have then been able to avoid the mandatory minimum at sentencing; accordingly, he would have been *more likely* to plead guilty had he known of the Government's error. After *Pritchett*, however, this knowledge makes no difference.

6

conflicting interests.'" *McElrath*, 595 F.3d at 630 (quoting *Mickens v. Taylor*, 535 U.S. 162, 166 (2002)); *accord Moss v. United States*, 323 F.3d 445, 455 (6th Cir. 2003).

> [W]here the defendant or his counsel objects to the conflict prior to, or during trial, the trial court must inquire as to the extent of the conflict or subject any subsequent conviction to automatic reversal. In the absence of an objection, however, a showing of (1) an actual conflict; and (2) an adverse effect on his counsel's performance will void the conviction.

*Moss*, 323 F.3d at 455 (citations omitted) (citing *Holloway v. Arkansas*, 435 U.S. 475, 489-92 (1978)); *see Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Defendant did not object to the purported conflict before or at the time of the plea, and therefore the court reviews the record for an actual conflict and an adverse effect.

In *Burger v. Kemp*, 483 U.S. 776 (1987), the Supreme Court held the Sixth Amendment is not violated because two co-defendants are represented by two different attorneys who are partners in the same firm, even where the co-defendants have antagonistic defenses. 483 U.S. at 783-88. The Court first acknowledged that it is possible prejudice could arise where partners represent co-defendants, particularly where they collaborate on the case. *Id.* at 783. But the Court emphasized that there must be "actively represented conflicting interests and . . . an actual conflict of interest [that] adversely affected [the defendant's] lawyer's performance." *Id.* (quoting *Strickland*, 466 U.S. at 692) (internal quotation marks omitted). The Court found the petitioner had established neither actively represented conflicting interests, nor an actual conflict or adverse effect. *Id.* at 783-88. While the inquiry into any conflict is necessarily fact-intensive, courts of appeals since *Burger* have consistently held that representation of co-defendants by partners does not necessarily rise to a conflict of

7

interest. *See, e.g.*, *United States v. Ramirez-Benitez*, 292 F.3d 22, 28-31 (1st Cir. 2002); *United States v. Alvarez*, 137 F.3d 1249, 1251-52 (10th Cir. 1998).

In this case, the relationship between the attorneys is even more attenuated than it was in *Burger* because Defendant's allegation is that the attorneys only shared office space, and were not engaged in a legal partnership.[2] The Sixth Circuit has yet to consider whether the mere sharing of office space can be sufficient to lead to an actual conflict, although other courts have rejected Defendant's argument. *See United States v. Whitney*, 180 F. App'x 670, 674 (9th Cir. 2006) ("[M]erely sharing office space does not establish joint representation for Sixth Amendment purposes."); *Allison v. Ficco*, 388 F.3d 367, 370 (1st Cir. 2004) (holding in a habeas case that the state court "reasonably found . . . that the . . . office-sharing arrangement was even less conducive to actual conflict than the *Burger* law firm"); *Gray-Bey v. United States*, 156 F.3d 733, 738-40 (7th Cir. 1998); *United States v. Kindle*, 925 F.2d 272, 275 (8th Cir. 1991) ("Solo practitioners sharing office space with common staff and materials is not unusual and such an arrangement does not necessarily cause a conflict of interest when codefendants are thus represented."); *United States v. Turchi*, 645 F. Supp. 558, 561-62 (E.D. Pa. 1986); *see also United States v. Urias-Bojorquez*, 205 F. App'x 706 (10th Cir. 2006) (finding no reversible error where defendant was not given a Rule 44(c)[3]

---

[2] Defendant's motion at one point uses the word "partnership" to describe the relationship, (Mot. 10), but a full reading of his argument discloses that he offers no evidence of a legal partnership and instead relies on shared office space and a telephone number to infer a business relationship, (Mot. 11).

[3] Federal Rule of Criminal Procedure 44(c) requires an inquiry by the court into potential conflicts in cases of "joint representation" where attorneys "are associated in law practice."

inquiry and two attorneys shared address and fax number because there was no actual conflict); *United States v. Varca*, 896 F.2d 900, 902-04 (5th Cir. 1990) ("While members and associates in one firm may not represent conflicting interests, practitioners who share office space and occasionally consult with one another are not regarded as constituting a single firm for conflict purposes.").

The court holds, consistent with *Burger* and cases from other circuits, that while it may be possible to find ineffective assistance based on a conflict of interest where two attorneys who represent co-defendants are affiliated, whether in partnership or by sharing office space, the sharing of office space alone is not sufficient to create a conflict of interest. Because Defendant has not pointed to any evidence of actual conflict in his brief, his ineffective assistance contention fails. Instead, he urges the court to infer a conflict based on his incentive structure at the time of the plea. But his argument that he "pled out . . . as part of a package" and that "[t]here is no logical reason to explain his counsel's advice to accept this plea" because his sentence "was basically what would've happened after an unsuccessful trial," (Mot. 11), is belied by the record. As the Government's response discloses, Defendant could have faced an even greater sentence if he had gone to trial because he negotiated the controlled substance quantity, avoided an additional charge, received the acceptance of responsibility reduction, and could have received further reduction had Defendant fully cooperated with the Government. (Resp. 5-6.) Because "the possibility of conflict is insufficient to impugn a criminal conviction," *Cuyler*, 446 U.S. at 350, the court cannot grant Defendant relief based on his empty and unsupported allegation of conflict.

## B. Title 21 U.S.C. § 851(a)(1)

Defendant's final argument is a variation on his first two ineffective assistance claims. He states that the conviction and sentence must be vacated because the Government did not comply with 21 U.S.C. § 851(a)(1), which requires the penalty enhancement to be filed before a guilty plea is entered.

The subsection of the statute, titled "Information filed by United States Attorney," provides in full:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C. § 851(a)(1). By its text, the statute forbids an enhanced sentence unless the United States Attorney has followed the prescribed sequence for the entry of the plea and the filing of the sentencing enhancement, *see United States v. Pritchett*, 496 F.3d 537, 550-52 (6th Cir. 2007) (Cook, J., dissenting); *Prou v. United States*, 199 F.3d 37, 43-44, 49 (1st Cir. 1999), and there is no question that the Government did not comply with the statute here. Understandably, Defendant argues that the court lacked the authority to enhance his sentence based on his criminal history.

However, in *Pritchett*, the Sixth Circuit considered an indistinguishable case. There, the plea agreement referenced the mandatory minimum that flowed in part from § 851. 496 F.3d at 539. The defendant pled guilty, and the Government filed the

sentencing enhancement later that day. *Id.* at 539-40. After holding that the requirements of § 851 are not jurisdictional, *id.* at 546, the court held that the Government had satisfied the requirements of § 851(a), *id.* at 547. *Pritchett* reasoned that "section 851 'was designed to satisfy the requirements of due process and provide the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism.'" *Id.* at 548 (quoting *United States v. King*, 127 F.3d 483, 489 (6th Cir. 1997)). The court found that because the defendant had reasonable notice and an opportunity to be heard—in particular because the plea agreement explicitly referenced the enhancement—the purpose of the statute had been met. *Id.* Therefore, "actual notice satisfies the requirements of Section 851(a)." *United States v. Boudreau*, 564 F.3d 431, 437 (6th Cir. 2009); *see United States v. Gonzalez*, 512 F.3d 285, 290 (6th Cir. 2008).

As in *Pritchett*, Defendant's plea agreement referred to a filed sentencing enhancement, even though the enhancement had not been filed. Defendant signed that agreement, indicating he had read it. (Plea Agreement 10; Plea Tr. 23.) In addition he told the court during the plea colloquy that he had read the agreement and discussed it with his attorney. (Plea Tr. 23-24.) The court is therefore bound to follow *Pritchett*.

Defendant's attempt to distinguish *Pritchett* is unpersuasive. He claims that in *Pritchett*, the defendant "acknowledged that the Government was going to file the necessary documents for a sentence enhancement, and acknowledged that he understood everything in the plea agreement," whereas here "there was never any mention whatsoever on record of a previous conviction." (Reply 2.) But, as explained above, the test for whether the requirements of § 851 have been satisfied is actual

11

notice and an opportunity to be heard.  To prove that the Defendant had notice that the Government intended to rely on his past convictions, it is unnecessary for the issue to be raised explicitly at the hearing; it is sufficient for notice to be contained within the plea agreement provided the court is satisfied that the Defendant has read the agreement.  See Pritchett, 496 F.3d at 548.

Defendant was given actual notice of the enhancement and the basis for the enhancement in the plea agreement.  Moreover, he acknowledged that he "understood everything in the plea agreement" both through his signature and through his verbal representations to the court.  At the plea hearing, the court asked Defendant's attorney: "You advised your client fully, went through the agreement with him, I trust, and answered whatever questions he may have had concerning the agreement or its negotiation, is that right, sir?"  To which his attorney responded: "Yes, we did, Your Honor, as to each paragraph and each provision and made a number of corrections. And we spent a lot of time with this one, and I'm particularly satisfied that the defendant is aware of exactly everything that's going on.  I'm satisfied with it." (Plea Tr. 23.) Defendant himself agreed with those statements, and indicated that he did not think his attorney had failed to explain any of the terms of the agreement.  (*Id.* at 24.)

As a consequence, the court must also deny the motion to vacate on the basis of § 851.

## IV.  CONCLUSION

Accordingly, IT IS ORDERED that Defendant's motion to vacate sentence under 28 U.S.C. § 2255 [Dkt. # 421] is DENIED.

        s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 27, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 27, 2011, by electronic and/or ordinary mail.

        s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522